887 F.2d 265
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Merton E. BOND, Plaintiff-Appellant,
v.
Larry D. RAIKES, Judge; Commonwealth of Kentucky,
Defendants-Appellees.
 No. 89-5305.
 United States Court of Appeals, Sixth Circuit.
 Oct. 16, 1989.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Merton Bond, a pro se Kentucky prisoner, appeals the district court's order dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983.
 
 
 3
 Seeking only monetary damages, Bond sued a state trial court judge (Raikes) and the State of Kentucky, alleging that Raikes had intentionally misused the power of his office in order to deprive Bond of a fundamentally fair trial, on charges of rape. Bond specifically asserted that: (1) Raikes erroneously refused to let him have a psychiatric evaluation after his counsel claimed that he was incompetent; (2) Raikes had a duty to recuse himself at Bond's trial; (3) Raikes willfully corrupted Bond's trial by refusing to rule a doctor's statement inadmissible; (4) Raikes lied when he stated he considered a written report and had afforded Bond and his counsel an opportunity to respond to it; (5) Raikes knew that the prosecutor had waived the applicability of the Rape Shield Act; (6) Raikes allowed witnesses to testify that the rape was performed by "the mother's boyfriend," thereby allowing them to testify without actually naming the guilty party; (7) Raikes was guilty of perversity due to his overruling of objections to strike the word "boyfriend" from the record; and, (8) Raikes knew that the rape victims lied while on the witness stand.
 
 
 4
 After reviewing the files and records, the district court dismissed the suit as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Bond has filed a timely appeal, raising the same issues which were before the district court.
 
 
 5
 Upon review, we conclude the district court properly dismissed Bond's suit as frivolous as it lacks an arguable basis in law or fact. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989).
 
 
 6
 Bond cannot satisfy the requirements for maintaining a suit under 42 U.S.C. Sec. 1983 against either the state of Kentucky or Raikes.
 
 
 7
 Bond cannot maintain suit against the state of Kentucky because the state is not a "person" which can be held liable for monetary damages under Section 1983. Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2312 (1989).
 
 
 8
 Further, Judge Raikes is absolutely immune for the actions which form the basis of Bond's complaint because those actions were all judicial acts which were not performed in the clear absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).
 
 
 9
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.